IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CALVIN C. MONTGOMERY**,

**Plaintiff,**

v.

**UNITED STATES OF AMERICA,**

**Defendant.**                                                  No. 10-0356-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court are several motions filed by Montgomery: motion requesting permission to supplement original 28 U.S.C. § 2255 motion (Doc. 19); motion to proceed in forma pauperis (Doc. 20); and motion for bond pending appeal (Doc. 21). Based on the following, the Court rules as follows.

As to the motion to supplement, the Court grants the motion. The Court deems document number 19 filed on June 2, 2011 as a supplement to Montgomery's original 28 U.S.C. § 2255 petition. Thus, the Court **ALLOWS** the government up to and including July 13, 2011 to file its response to the supplement.

Next, the Court denies as moot, Montgomery's motion to proceed in forma pauperis as there is no filing fee for a 28 U.S.C. § 2255 petition.

Lastly, the Court denies Montgomery's motion for bond pending appeal, which the Court construes as a motion for bond pending decision on the § 2255 petition. "[F]ederal district judges in habeas corpus and section 2255 proceedings have

inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir.1985). The Seventh Circuit explained:

> The reasons for this parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right to appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Cherek*, 767 F.2d at 337.

Bail pending post-conviction habeas corpus review is therefore available "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992). The Court finds that petitioner has not met his burden to establish that he is entitled to the extraordinary relief sought. Montgomery has not alleged anything in his motion for bond that, even if true, would convince the Court that bail would be appropriate in this case. Thus, the relief is not warranted.

Accordingly, the Court **GRANTS** the motion requesting permission to supplement original 28 U.S.C. § 2255 motion (Doc. 19); **DENIES as moot** the motion to proceed in forma pauperis (Doc. 20); and **DENIES** the motion for bond pending

appeal (Doc. 21).

**IT IS SO ORDERED.**

Signed this 13th day of June, 2011.

*David R. Herndon*

Digitally signed by David R. Herndon
Date: 2011.06.13 11:23:58 -05'00'

**Chief Judge
United States District Court**