**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CALVIN C. MONTGOMERY**,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                                    **No. 10-0356-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is Montgomery's motion for reconsideration of bond pending decision of 28 U.S.C. § 2255 petition (Doc. 23). Montgomery argues that the Court should reconsider its June 13, 2011 Order denying bond as he does state a substantial constitutional argument: that he should not been charged with a § 922(g) and that the government did not have the jurisdiction to charge him. Based on the following, the Court denies the motion.

A "Motion to Reconsider" technically does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir.1992). When, as here, the motion to reconsider was filed within 28 days of the entry of the challenged order, whether the

motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it.[1] *Borrero v. City of Chicago,* 456 F.3d 698, 701–02 (7th Cir. 2006).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Harrington v. City of* Chicago, 433 F.3d 542, 546 (7th Cir. 2006); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001)("Rule 59(e) requires that the moving party ... 'present newly discovered evidence' or 'clearly establish a manifest error of law or an intervening change in the controlling law.'"); Matter *of Prince,* 85 F.3d 314 (7th Cir.1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington Northern R. Co.,* 983 F.2d 741 (7th Cir.1993). Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000); *Swam v. U.S.,* 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)."). Here,

---

[1]As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order.

Montgomery clearly attacks the merits of the Court's Order, thus, the Court will analyze the motion under Rule 59(e) standards.

Although Rule 59 relief is appropriate if the movant "presents newly discovered evidence that was not available at the time of trial or ... points to evidence in the record that clearly establishes a manifest error of law or fact," such relief is *not* properly awarded based on arguments or theories that could have been proffered before the district court rendered judgment. *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995)). The Seventh Circuit has emphasized that Rule 59(e) may not be used to relitigate issues already argued or to present new arguments that *could have been presented* before judgment was entered. *See, e.g., Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d at 1264, 1270 (7th Cir. 1996); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); *Publishers Resource, Inc., v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

The Court finds that Montgomery neither presented newly discovered evidence nor identified a manifest error of law or fact. Here, he simply rehashes arguments already presented to and rejected by the Court. The motion merely takes umbrage with the Court's ruling. Montgomery has not demonstrated -and the record reveals -no basis warranting relief under Rule 59(e). The Court remains convinced of the correctness of its decision.

Accordingly. the Court **DENIES** Montgomery's motion for reconsideration of

bond pending decision of 28 U.S.C. § 2255 petition (Doc. 23).

**IT IS SO ORDERED.**

Signed this 6th day of July, 2011.

David R. Herndon
2011.07.06
11:53:22 -05'00'

**Chief Judge**
**United States District Court**