IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CALVIN C. MONTGOMERY**,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                                  **No. 10-0356-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is Montgomery's 28 U.S.C. § 2255 petition to vacate, set aside or correct sentence and various supplements to the petition (Docs. 1, 13, 15, 17, 19 & 30). The United States has responded (Docs. 10, 16, & 25). Based on the record and the applicable law, the Court **DENIES** the petition.

On May 16, 2006, the grand jury charged Calvin C. Montgomery with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Montgomery*, 06-30071-DRH. At the time of the arraignment on February 8, 2007, Montgomery was represented by Assistant Federal Public Defender Dan Cronin. Thereafter, Montgomery filed a *pro se* motion to appoint new counsel. On April 18, 2007, the Court held a hearing on Montgomery's motion. During that hearing, Montgomery withdrew the motion. That same day, Montgomery through Cronin filed a motion for psychiatric exam or psychological exam for competency to stand trial

which the Court granted on April 19, 2007. On July 24, 2007, Montgomery, *pro se.* filed another motion to dismiss counsel. On August 10, 2007, the Court held a hearing on the motion to dismiss counsel. granted the motion and allowed Cronin to withdraw from the case. On August 13, 2007, the Court appointed Brian Trentman as counsel for Montgomery and set the competency hearing for August 30, 2007. On August 30, 2007, the Court held the competency hearing and found Montgomery competent to stand trial.

Thereafter, Montgomery through Trentman filed a motion to suppress statements on September 4, 2007. On October 31, 2007, the Court held a lengthy suppression hearing and orally denied Montgomery's motion to suppress finding that Montgomery's statement to law enforcement officers was voluntary and made after a knowing and voluntary waiver of his *Miranda* rights. Further, the Court set the matter for jury trial on November 26, 2007. The next day, Montgomery through Trentman filed a motion to dismiss based upon post-indictment delay. On November 19, 2007, the Court held a hearing on the motion to dismiss the indictment and denied the motion.

On November 26, 2007, Montgomery pled guilty to the charge of unlawful possession of a firearm by a previously convicted felon, reserving the right to appeal the denial of the suppression of his statement and the denial of the motion to dismiss. On March 20, 2008, the Court sentenced Montgomery to 188 months imprisonment, five years supervised release, and ordered him to pay a fine and a special assessment. Montgomery appealed only the denial of his suppression motion

raising three arguments: (1) that agents Heiser and Williams induced his statement with false promises of leniency; (2) that the statement was not voluntary under the totality of the circumstances; and (3) that the police did not scrupulously honor his invocation of his right to remain silent in his first interview with Riddle. During the appeal process, attorneys Robert Parsons and Daniel Cook represented Montgomery. On February 13, 2009, the Seventh Circuit denied his appeal. *United States v. Montgomery*, 555 F.3d 623 (7th Cir. 2009), and the Supreme Court denied certiorari on May 18, 2009. *Montgomery v. U.S.*, 129 S.Ct. 2413, 173 L.Ed.2d 1319, 77 BNA USLW 3634 (U.S. May 18, 2009).

On May 12, 2010, Montgomery filed his § 2255 petition. In his original petition, Montgomery raised the following three claims: (1) that counsel was ineffective for failing to raise the motion to dismiss issue on appeal; (2) that trial counsel was ineffective for failing to exclude a witness from the courtroom during suppression hearing; and (3) that counsel was ineffective for failing to argue two-step interrogation. Thereafter, the Court allowed Montgomery to supplement his original petition to add these additional claims: (1) that trial counsel was ineffective for failing to show that Agent Heiser lied when Agent Heiser claimed that he could not locate Montgomery; (2) that trial counsel was ineffective for failing to ask Agent Heiser why his indictment was suppressed and (3) that *Berghuis v. Thompkins*, – U.S. –, 130 S.Ct. 2250 (2010) reveals that the officers violated his *Miranda* rights when the officers questioned him after his earlier invocation of the right to remain silent. Lastly, over the government's objection, the Court allowed Montgomery to

supplement his petition again to raise a claim pursuant to *Buchmeier v. Untied States*, 581 F.3d 561 (7th Cir. 2009). The United States has responded to each of Montgomery's claims. As the petition and supplements are ripe, the Court turns to address the merits.

## II. <u>Legal Standard</u>

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-

constitutional issues that were unraised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

An evidentiary hearing on a § 2255 habeas petition is required when the motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote

omitted); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989). As will be seen, Montgomery's allegations are unsupported by the record; subsequently, the Court sees no reason to hold an evidentiary hearing on the issues he raises.

Additionally, because a motion under § 2255 is a civil proceeding, a petitioner does not have a constitutional right to counsel. *Rauter v. United States,* 871 F.2d 693, 695 (7th Cir.1989). In light of the fact that no hearing is required, the Court is not obligated to appoint counsel, and the Court **FINDS** that petitioner has adequately presented his arguments, and appointment of counsel is not warranted in this case. *Id.* at 695–96.

### III. Analysis

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense**.** *Strickland v. Washington,* 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);

*Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitoner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

In the instant case, the Court cannot say that Montgomery's counsels' performances significantly prejudiced him or that his counsels' representations fell below an objective standard of reasonableness.

First, Montgomery argues that his appellate counsel was ineffective for failing

to raise the Court's denial of his motion to dismiss on appeal. Montgomery argues that appellate counsel should have raised on appeal the pre-indictment and post-indictment delay in arresting and bringing him to trial. He contends that the failure of counsel to raise this on appeal prejudiced the outcome of the appeal as the Seventh Circuit did not address this issue.

"Effective advocacy does not require the appellant attorney to raise every non-frivolous issue under the sun…" *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996). "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons, rather than sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8, (2003). Montgomery cannot show prejudice because the claim lacks merit. Furthermore, it is not professionally unreasonable for an attorney vested with the discretion to decide whether or not to appeal to decline to prosecute a meritless claim. Thus, an attorney's decision not to pursue a frivolous claim on appeal does not amount to ineffective assistance *per se.* Montgomery's appellate counsel raised an appropriate issue for examination by the Seventh Circuit. Further, Montgomery has offered nothing but speculation that raising a claim of error based on the denial of the motion to dismiss would have resulted in a remand. This claims fails.

Second, Montgomery argues that his trial counsel was ineffective for failing to seek to exclude witnesses from the courtroom. Specifically, he maintains that counsel was ineffective when counsel failed to exclude Agent Heiser from the courtroom during the hearing. Federal Rule of Evidence 615 states:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses" testimony. Or the court may do so on its own. But this rule does not authorize excluding:
> (a) a party who is the natural person;
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
> (c) a person whose presence at a party shows to be essential to presenting the party's claim or defense; or
> (d) a person authorized by statute to be present.

Further, the Seventh Circuit Court of Appeals allows case agents to be present and not excluded. *United States v. Adamo*, 882 F.2d 1218, 1235 (7th Cir. 1989). Special Agent Heiser was the government's case agent and was allowed to be present at the hearings. Therefore, Montgomery's trial counsel cannot be faulted for raising a legally impossible argument. *See Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996); *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir. 2004)("counsel is not required to raise every non-frivolous issue on appeal"). The Court rejects this portion of Montgomery's § 2255 petition.

Third, Montgomery asserts that his trial counsel and appellate counsel were ineffective for failing to seek suppression of his statement on a "two step interrogation" theory. He also argues in his supplement that under *Berghuis v. Thompkins*, – U.S. –, 130 S.Ct. 2250 (2010) his *Miranda* rights were violated when the officers questioned him after his earlier invocation of his right to remain silent.[1] The Court rejects these arguments as it is clear from the record that these issues were raised during both the trial level and the appellate level and were rejected by the

---

[1] The Court addresses these arguments together as they are based on whether Montgomery's *Miranda* rights were violated.

Seventh Circuit. The Seventh Circuit stated: "Eventually, Montgomery agreed to give a statement, was given a second set of *Miranda* warnings, and then gave a videotaped statement in which he discussed his possession of the gun." *Montgomery*, 555 F.3d at 634. The Court also stated: "While the police work in this case was not exemplary, the circumstances do not suggest that the investigators attempted to undermine Montgomery's resolve to remain silent. Montgomery's right to cut off questioning was respected and he was apprised of his rights before giving a statement. We find no violation of *Mosley*, and no basis for suppressing the statement." *Id.* Furthermore, *Berghuis* is not applicable to the facts of this case as it addressed *what* constituted a waiver and/or an invocation of *Miranda* rights not whether a defendant's prior invocation of his right to remain silent was "scrupulously honored" before a second interview took place. Clearly, *Berghuis* does not negate the Seventh Circuit's ruling that Montgomery's prior invocation of his right to remain silent was honored by law enforcement before his second interview. Thus, Montgomery's counsel cannot be faulted for failing to raise an issue which they did, in fact, raise.

Fourth, Montgomery asserts that trial counsel was ineffective for failing to demonstrate that Agent Heiser lied when he testified that he could not locate Montgomery at the telephone number and address Montgomery listed at the time of the arrest. Even a cursory perusal of the record reveals that Montgomery's contentions are without basis. A review of the record, demonstrates that Montgomery has not and cannot establish either prong under *Strickland* as to this claim. In denying the motion to dismiss the indictment, the Court noted that there

was no actual prejudice to defendant and that the government was not negligent in its attempts to locate Montgomery. The Court believed Agent Heiser's version of events. Montgomery does not specify how trial counsel's performance was deficient in failing to establish that Agent Heiser lied. Trial counsel's performance during the hearing was not ineffective and that he rendered more than "reasonably effective assistance." Therefore, this claim must fail too.

Fifth, Montgomery argues that trial counsel was ineffective for failing to ask Agent Heiser why the indictment was suppressed. The Court also rejects this argument. In denying the motion to dismiss the indictment, the Court noted that there was no actual prejudice to defendant and that the government was not negligent in its attempts to locate Montgomery. Montgomery does not specify how trial counsel's performance was deficient in not asking Heiser about the suppressed indictment. A review of the record, demonstrates that Montgomery has not and cannot establish either prong under *Strickland* as to this claim. He has not shown how trial counsel's failure to ask Agent Heiser, the case agent, why the indictment was suppressed "fell outside the wide range of professionally competent assistance." Nor has he shown that because trial counsel failed to question the case agent about the suppressed indictment, that the result of the proceedings would have been different. Therefore, this claim must fail.

Lastly, Montgomery challenges his § 922(g)(1) conviction for possession of a

firearm by a felon.[2] Specifically, he claims that the Illinois Department of Corrections ("IDOC") restored his civil rights following a prior conviction by sending him a letter and that his present possession of a firearm was therefore not a violation of § 922(g)(1).[3] In the indictment, Montgomery's prior felony was 93-CF-1089 in St. Clair County, Illinois Circuit Court. Montgomery bases this challenge on the Seventh Circuit's *en banc* decision in *Buchmeier v. United States*, 581 F.3d 651 (7th Cir. 2009). There, the Seventh Circuit interpreted a letter sent by the IDOC informing a convicted felon stating that his civil rights were restored after eight burglary convictions. *Id.* at 564. The letter did not mention any restoration of the right to possess a firearm, and the Seventh Circuit found that even if a state considers a person "convicted" for purposes of its own law, if it sends a letter that purports to restore all civil rights the offender's conviction does not count for § 922(g)(1) purpose unless the letter warns the offender that he cannot possess guns. *Id.* at 567.

Montgomery maintains *now* in his June 2, 2011 supplement, that though known to him before he chose to plead guilty, known to him during the appeal process and known to him before he filed the original § 2255 petition and the first supplement but raised until now, that he received a letter from the IDOC that

---

[2]Because *Buchmeier* was denied after Montgomery's direct appeal, he could not have raised its holding on direct appeal and the claim is not procedurally defaulted.

[3]Pursuant to § 922(g)(1), it is unlawful for a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, whether state or federal, to possess any firearm or ammunition. If the person has had his civil rights restored, however, that conviction does not count unless the "restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

restored his rights of the underlying conviction in the indictment. Thus, he contends that he cannot be charged with being a felon in possession of a firearm based on the prior conviction in which the IDOC restored his rights. He conveniently claims that he no longer has physical custody of the letter that was sent to him but that it is similar to the one in *Buchmeier.* He claims that after receiving this letter he assumed he could possess a gun and that he informed trial counsel about this letter and his belief to no avail.[4]

Here, Montgomery's *Buchmeier* argument must fail as ample evidence supports the prior-felony element of his § 922(g)(1) conviction. *See United States v. Foster*, 652 F.3d 776, (7th Cir. 2011)(noting with approval the holding in other circuits that the government does not need to prove beyond a reasonable doubt that a defendant's civil rights have been restored). In his plea agreement and stipulations of fact pertaining to the plea, Montgomery *stipulated* that he had such conviction and he is bound by that stipulation. *United States v. Parker*, 437 Fed.Appx. 500, 504 (7th Cir. 2011); *Foster*, 652 F.3d at 791; *United States v. Sloan*, 492 F.3d 884, 893 (7th Cir. 2007); *United States v. Morgan*, 384 F.3d 439, 44 (7th Cir. 2004); *Moore*, 363 F.3d aqt 637. It is clear at the time of the indictment that Montgomery was felon. Attempting to navigate around his admission in his plea through *Buchmeier* is unavailing. *Parker*, 437 Fed.Appx. 504. Further, Montgomery admits in his

---

[4]As evident through these entire proceedings, Montgomery *pro se* raised/raises many issues in attempt to have his indictment dismissed and/or evidence suppressed. Thus, this begs the question if he truly had received the letter that led him to believe that he could possess a firearm legally then why did he not raise it during the criminal proceedings at either the trial level or appellate level? The timing of the argument and assertions about the letter seem suspect.

supplement and in one of his reply briefs that he was a felon at the time of the indictment and that is he is now a felon. (Docs. 19 & 30, p. 1: "The defendant does not dispute he was a felon at the time, nor does he dispute that for the rest of his life if asked he would have to answer yes to being a felon."). Also, this Court's review of the Pre-Sentence Investigative Report reveals several felony convictions that were not included in the indictment. Moreover, Illinois does have a prohibition against felons having guns. *See* 720 ILCS 5/24-1.1(a). The Court finds that Montgomery is not entitled to relief on the *Buchmeier* issue as the evidence suggests that he was not "mousetrapped" by the letter's content. *See Gant v. United States*, 627 F.3d 677, 628-83 (7th Cir. 2010), cert denied — U.S. —, 131 S.Ct. 1840 (2011).

The Court finds that Montgomery's claims that his counsel were ineffective are without merit. His assertions (most of which are neither true nor supported by the record) that his counsel were ineffective are insufficient basis to grant him the relief which he seeks. The Court concludes that Montgomery's attorneys were not ineffective in representing Montgomery in this criminal matter. In fact, the Court finds that their actions were reasonable and sound in light of the facts and circumstances. Thus, the Court rejects Montgomery's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting Montgomery's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claim based on *Buchmeier*, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have

Page 15 of 16

been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

### IV. Conclusion

Accordingly, the Court **DENIES** Calvin Montgomery's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody and the supplements to the petition. Also, the Court **DENIES** Montgomery's motion to appoint counsel and **DENIES as moot** Montgomery's motion requesting permission to subpoena defendant's prison records and two questions of testimony from the Illinois Department of Corrections, Menard State prison (Docs. 28 & 29). The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 12th day of June, 2012.

Digitally signed by
David R. Herndon
Date: 2012.06.12
14:34:56 -05'00'

**Chief Judge**
**United States District Court**